---

EGAN v. BISSELL.

1. TRUST DEED construed to carry no fee to grantee as an individual, but to put the fee in him as trustee until the debts therein mentioned are paid, and then in trust for grantor's wife.
2. IBID.—LIMITATION OF ESTATES.—If all the conditions in this deed of trust have been performed, the deed of appointment executed by *cestui que trust* vesting the title in the trustee in trust for herself, vested the fee simple title in the *cestui que trust*.

3. Remedies—Pleadings—Answer—Trust Deed—Want of Consideration.—An Assignment of a debt secured by a trust deed to the *cestui que trust* may be alleged to be without consideration, for the purpose of defeating a discharge of the debt thereby, without allegations charging the *cestui que trust* with knowlege of the conditions of the assignment. *Divided Court.*

4. Evidence—Parol.—It is competent to show by parol the purpose for which an obligation under seal, or other like instruments, was given.

Before Witherspoon, J., Charleston, November, 1897. Affirmed.

Action by George W. Egan v. Henry Edward Bissell and Sarah H. Bissell.

From order overruling demurrers and ordering issues to jury, plaintiff and Sarah H. Bissell, defendant, appeal.

*Messrs. W. M. Fitch* and *J. P. K. Bryan,* for appellants, cite: *Deed absolute cannot be varied except by agreement of both parties:* 21 S. C., 400; 22 S. C., 10; 16 S. C., 352; 50 S. C., 171; 52 S. C., 54; 30 S. C., 144; 11 S. C., 56; 6 Rich. Eq., 48; 3 DeS., 149; 1 DeS., 333; 1 McC., 261. *Relationship should be held good consideration:* 68 Pa. St., 470; 4 McC., 12; 11 Rich., 133; 44 S. C., 381; 150 Pa. St., 98; 19 Ind., 271; 67 N. W., 249. *No title in respondent:* 2 Hill Ch., 490; 9 Rich. Eq., 360; 1 S. C., 324. *Notice of issues for jury too late:* Code, 274a; 20 Stat., 695; 43 S. C., 266; 49 S. C., 345. *Could not be ordered without service of notice on codefendant:* Code, 274a; Rule 28, Cir. Ct.; 35 S. C., 421; 49 S. C., 345. *Error to make defendant actor in issues:* Rule 59, Cir. Ct.; 39 S. C., 532; 35 S. C., 165. *Defendant not entitled to issues by right of claim to title:* 25 S. C., 77; 1 Spear., 356; 3 S. C., 78; 29 S. C., 135; 36 S. C., 354; 3 Rich., 467; 23 S. C., 511; 14 How., 488; 12 How., 98. *Plaintiff should have been allowed to plead over:* Code, 193; 28 S. C., 100; 27 S. C., 318.

*Messrs. Mitchell & Smith,* contra, cite: *S. H. Bissell*

*should have served her answer on her codefendant as a cross-complaint:* 35 S. C., 305.    *Trial of issue of title is of right by jury:* 12 S. C., 108; 28 S. C., 530; 29 S. C., 49; 31 S. C., 262; 36 S. C., 559; 17 S. C., 544; 18 S. C., 232; 19 S. C., 290; 23 S. C., 391; 25 S. C., 72; 27 S. C., 418; 44 S. C., 119. *H. E. Bissell can show true consideration for and terms of assignments:* 12 S. C., 138; 16 S. C., 357; 22 S. C., 26; 26 S. C., 310; 44 S. C., 544; 13 S. E. R., 215; 157 Mass., 265.

Nov. 24, 1898.  The opinion of the Court was delivered by

MR. JUSTICE POPE.   It is deemed important to a correct apprehension of this appeal, that the pleadings, in substance, should be repeated.   The complaint alleges: 1.  That George W. Egan, on the 21st day of December, 1896, became the purchaser from the defendant, Sarah H. Bissell, of the tract of land lying in Beaufort County, in this State, known as "Bonny Hall," containing 1,700 acres of rice and uplands, at the price of $31,000, of which $11,000 was paid in cash, and the balance in the bond of Egan for $20,000, secured by a mortgage of the premises sold.   2.  That the defendant, Henry Edward Bissell, by written notice, dated the 16th of December, 1896, to the plaintiff, claimed that the sum of $10,374,52, mentioned in the trust deed of said "Bonny Hall" plantation, made by J. Bennett Bissell to the defendant, Henry Edward Bissell, dated 25th day of September, A. D. 1876 (which deed was duly recorded), is still due and unpaid to the said Henry Edward Bissell, and that the same is a lien on the said "Bonny Hall" plantation under said deed of trust, a copy of which is exhibited as a part of the complaint.   3.  That the plaintiff is informed by the said defendant, Sarah H. Bissell, and believes that the said claim of the said Henry Edward Bissell, trustee as aforesaid, is fictitious, having become wholly extinct, as appears by the several instruments in writing or assignments of same to Sarah H. Bissell, indorsed by the said Henry Edward Bissell upon the trust deed of the said J. Bennett Bissell to Henry Edward Bissell, dated 25th Sep-

tember, 1876—copies of said several instruments of writing are made a part of the complaint and exhibited therewith. 4. And that the plaintiff is further informed by the said defendant, Sarah H. Bissell, that after the several releases of the said Henry Edward Bissell under said several writings as aforesaid, and the payment and satisfaction of all the debts contemplated by the said trust deed, the said Sarah H. Bissell, by her deed, in the execution of the power in her vested by the trust deed of date 25th September, 1876, by appointment, declared that the said Henry Edward Bissell should hold, as her trustee, the said "Bonny Hall" plantation, and this deed is exhibited with the complaint as a part thereof: "Wherefore, the said plaintiff demands judgment that the said claim of the said defendant, Henry Edward Bissell, be adjudicated in this suit, and for a complete determination of all the aforesaid right, interest, lien, claim or demand of the said Henry Edward Bissell, to the end that the said 'Bonny Hall' plantation, as aforesaid, may be freed from said alleged incumbrance, and the right, title, and possession of the said George W. Egan, under the warranty deed of the said Sarah H. Bissell, may be confirmed and quieted against the claim of the said Henry Edward Bissell aforesaid, and for such other and further relief as the plaintiff may be entitled to, &c." The following is a copy of the trust deed, dated 25th September, 1876, exhibited with the complaint: "State of South Carolina, county of Beaufort. Know all men by these presents, that I, J. Bennett Bissell, of the city of Charleston, in said State, for and in consideration of the trusts hereinafter recited, and also in consideration of the sum of $5 to me in hand paid, at or before the sealing and delivery of these presents, by Henry Edward Bissell, of Beaufort County, in said State, whereof the receipt is hereby acknowledged, have granted, bargained, sold, and released, and by these presents do grant, bargain, sell, and release, unto the said Henry Edward Bissell, all that plantation or tract of land commonly known as 'Bonny Hall' plantation, in Beaufort County, State afore-

said, containing about 1,700 acres of rice and uplands, bounding * * * Together with all and singular the rights, members, hereditaments, and appurtenances to the said premises belonging or in anywise incident or appertaining. To have and hold, all and singular the said premises unto the said Henry Edward Bissell, and his heirs and assigns forever. In trust, nevertheless, to and for the following intents, uses, and purposes, that is to say, in trust, in the first place, to pay the balance due on a certain bond of the said J. Bennett Bissell to Charles H. Simonton, referee, made and delivered, together with a certain mortgage, of even date, to secure the credit portion of the purchase money of the premises herein conveyed; and after the payment and satisfaction of said bond and mortgage, then in trust; in the second place, to pay and discharge a certain bond in the penal sum of $5,000, secured by a mortgage of said premises, made and delivered by the said J. Bennett Bissell to the firm of Charles S. Bennett & Company, of Charleston, State aforesaid, to indemnify and secure them for certain indorsements, of which $3,000 are chargeable at present on said mortgage; and after the payment and satisfaction of the last named bond and mortgage, then in trust, in the third place, to secure and pay unto the said Henry Edward Bissell certain debts or sums of money now due and owing to him by the said J. Bennett Bissell, and amounting in the aggregate at this date to the sum of $10,374.52, exclusive of interest, of which sum $1,000 was borrowed by the said J. Bennett Bissell from the said Henry Edward Bissell on or about the 22d day of March, A. D. 1876, and was then paid to the said Charles H. Simonton, referee, on account of the bond and mortgage herein above first referred to; and the remainder of said sum, to wit: $9,374.52, represent unpaid balances of salary from January 1, 1868, to January 1, 1876, due and owing to the said Henry Edward Bissell as superintendent and general agent of all the plantations and stores of the said J. Bennett Bissell, situate in the counties of Beaufort and Colleton, in the State

aforesaid. And after the payment of the debts or sums of money aforesaid, together with lawful interest thereon from the time each of said debts or sums of money became due and payable, then in trust to and for such intents, uses and purposes, and to such person or persons as Sarah H. Bissell, the wife of the said J. Bennett Bissell, shall by deed or by her last will and testament limit, direct and appoint, and in default of such limitations, direction and appointment, then to her, the said Sarah H. Bissell, and her heirs and assigns forever. In witness whereof, I have hereunto set my hand and seal, on this the 25th day of September, A. D. 1876, and in the 101st year of the sovereignty and independence of the United States of America. J. Bennett Bissell. (L. S.) Signed, sealed and delivered in the presence of A. Cohen, J. D. Parry. Duly recorded." The following is a copy of the two deeds of Henry Edward Bissell, assigning his debt under the trust deed to his sister-in-law, Sarah H. Bissell: "State of South Carolina, Charleston County. Know all men by these presents, that I, Henry Edward Bissell, for good and valuable consideration, and for divers good and sufficient causes me thereunto moving, do hereby release, assign, transfer and set over unto Sarah H. Bissell, the wife of my brother, J. Bennett Bissell, the debt named, described, provided for and secured in and by the foregoing deed due and owing to me by my said brother, for the sum of $10,374.52, exclusive of interest at the date of said deed. To have and to hold the same to and for her sole and separate use, to her and her administrators and assigns forever. Witness my hand and seal, this 13th day of January, A. D. 1883, and in the 107th year of the independence of the United States of America. H. E. Bissell. (Seal.) In the presence of J. B. Bissell, L. O. Blocker." "State of South Carolina, Colleton County. Whereas, on the 13th day of January, A. D. 1883, I, H. E. Bissell, did release, assign and transfer unto Sarah H. Bissell, the within described debt of my brother, J. B. Bissell, inclusive of all interest; and whereas, the word 'inclusive' in said release was by mistake in said release written 'ex-

clusive.' Now, know all men by these presents, that I, H. E. Bissell, for the purpose of correcting said error, and in consideration of $1 to me paid, do hereby release, assign, transfer and confirm unto the said Sarah H. Bissell, her heirs, executors and administrators, the said debt described herein, together with all interest now due and to become due thereon. Witness my hand and seal, this 4th day of January, A. D. 1886. H. E. Bissell. (L. S.) In presence of J. B. Bissell, M. S. Fripp." These deeds are written on trust deed of 25th September, 1876, and also duly recorded.

To this complaint the defendant, Henry Edward Bissell, made the following answer: "1st. Answering the first article of the said complaint, he denies that the plaintiff, George W. Egan, on the 21st December, 1896, became the purchaser from the defendant, Sarah H. Bissell, and is now in possession of that plantation or tract of land known as 'Bonny Hall' plantation, situate in Beaufort County; but, on the contrary, shows and alleges that the plaintiff, George W. Egan, on the 21st December, 1896, was well aware that the said Sarah H. Bissell could not sell or convey to him the said plantation known as 'Bonny Hall' plantation, and that she was not in possession thereof; and this defendant further shows that the said George W. Egan was not at the date of the bringing of this action in possession of the said plantation, but that this defendant was in sole and exclusive possession thereof. 2d. In answer to the allegations of the second article of the said complaint, this defendant shows and alleges that, being informed that the said George W. Egan contemplated a purchase from the said Sarah H. Bissell of the said plantation or tract of land known as 'Bonny Hall' plantation, he duly notified the said George W. Egan that this defendant was in possession thereof, and also held the legal title to the said plantation, and that the said Sarah H. Bissell could not convey the same to him; and that for greater certainty, on the 19th of December, 1896, anterior to the purchase by the said George W. Egan from the said Sarah H. Bissell of the said plantation, this defendant in

writing duly notified the plaintiff that he possessed the legal title to the said 'Bonny Hall' plantation, and held the same and was in possession of the same in trust for the payment of the debt of $10,374.52, with interest thereon, mentioned in the trust deed of 'Bonny Hall' plantation from J. Bennett Bissell to this defendant, dated 25th September, 1876, and that the said George W. Egan, notwithstanding the said notice, and with full knowledge of the same, and with the full knowledge that this defendant was in exclusive possession of the said 'Bonny Hall' plantation as trustee, under the terms of the said deed; and further, with the full knowledge that this defendant claimed that he was entitled to the payment of the said sum of $10,374.52, with interest aforesaid, out of the said plantation, still proceeded; and thereafter, on the 21st of December, 1896, received from the said Sarah H. Bissell the conveyance of the said property, with the intention to defeat the claim of this defendant. · 3d. In answer to the allegations of the third article of said complaint, this defendant respectfully shows: That he has no knowledge or information sufficient to form a belief as to what statements or information have been given by the said Sarah H. Bissell to the said George W. Egan, but this defendant respectfully shows and alleges that the history of the transaction and of the instruments in writing referred to in the said third article is as follows, to wit: That the relations between this defendant and his brother, the late J. Bennett Bissell, were of the most friendly, close and intimate character; that this defendant was employed by his brother, the said J. Bennett Bissell, to act as manager of his planting business on the several rice plantations in the counties of Colleton and Beaufort, including the said 'Bonny Hall' plantation; that at the time of the making of the said trust deed, on the 25th September, 1876, the said J. Bennett Bissell was indebted to this defendant for salaries and other moneys to him then due in the sum of $10,374.52, and that the said J. Bennett Bissell, for the protection and security of this defendant, made, executed,

and delivered to him the said trust deed of the 25th September, 1876, to secure the said amount; that thereupon the said J. Bennett Bissell placed this defendant in possession of the said 'Bonny Hall' plantation, both as trustee having charge thereof and as manager of the same, but by agreement of the said J. Bennett Bissell and this defendant it was understood and agreed that the said J. Bennett Bissell should be allowed to plant the said plantation, for the purpose of supporting his family, and of paying over the amount due and becoming due to this defendant, and that this defendant should remain in possession and act as the manager in charge of the same, and that this defendant should receive from the said J. Bennett Bissell a fair and proper remuneration for so acting as manager to be paid to him per annum in addition to the amount mentioned and secured to him in the said trust deed; that thereafter the said J. Bennett Bissell finding it necessary to raise funds for the purpose of carrying on the planting of the said 'Bonny Hall' plantation, requested of this defendant that he should assign his claim for the amount still due to him as mentioned and secured by the said trust deed of the 25th September, 1876, so that the said plantation could be mortgaged for raising that amount. And this defendant shows and alleges that both the said instruments of writing referred to in the said third article were executed by him without valuable consideration whatsoever, but at the request of his said brother, and solely for the purpose of allowing the said plantation to be used temporarily for raising sums of money needed by the said J. Bennett Bissell, and for that purpose only; and that when the same were paid, the said assignment to said Sarah H. Bissell became invalid, null and inoperative. And this defendant further shows and alleges that the amounts to secure which he agreed to waive the priority of payment for the amount so secured to him, and executed his assignment to the said Sarah H. Bissell, as he is informed and believes, have all been paid. 4th. This defendant, further answering, shows that thereafter his

business relations with the said brother continued as aforesaid up to the time of the death of his said brother, on the 2d day of May, 1892, during the whole of which period he was in possession of the said 'Bonny Hall' plantation. That no settlement ever was had between his brother and himself, but that there existed a continuous mutual reciprocal running account between his said brother and himself, wherein he was entitled to credit for the amount due him as set out in the said deed of September 25th, 1876, and to the annual amount to him for his services to his said brother, as well as for sundry amounts by him at various times loaned to his said brother; and he was to be debited for the amounts drawn by him from what was known as the store upon the said 'Bonny Hall' plantation, and such will appear to his debit upon the books of said store; but this defendant cannot exactly state the amounts, as the said books are not in his possession, but were in the possession of the said J. Bennett Bissell. And that upon the ascertainment of this balance, this defendant will appear to be largely the creditor of the said J. Bennett Bissell for the said original amount mentioned and secured to him in the deed of the 25th September, 1876, with interest, notwithstanding the payments from time to time made to him on the store account as aforesaid, and by agreement to be credited on account of the interest due on the said amount secured by the deed of the 25th September, 1876, if sufficient to do so. 5th. In answer to the allegation of the fourth article of the said complaint, this defendant has no information sufficient to form a belief as to what said plaintiff may be informed by his codefendant, the said Sarah H. Bissell; but saith that no appointment or conveyance made by the said Sarah H. Bissell at any time after the death of the said J. Bennett Bissell could be operative to defeat the just claims of this defendant, whereof the said Sarah H. Bissell and the said George W. Egan were fully informed. 6th. And further answering the said complaint, this defendant shows and alleges that he has sole and exclusive possession of the said

plantation, and holds a legal title to the same; and prays that an issue in due form be framed for the trial of his right and title to the said premises as herein alleged."

The answer of the defendant, Sarah H. Bissell, admits all the allegations of the complaint, and alleges that she is the sole executrix, legatee, and devisee of her husband, who died testate on 2d May, 1892—and holding, as she does, the bond and mortgage of the plaintiff for $20,000, the credit portion of the "Bonny Hall" plantation, she is most concerned as to the claim set up by the said Henry Edward Bissell. That said claim is fictitious, since the said Bissell assigned all his claims to her under his two deeds therefor. That no sum is due by the estate of her testator to said Henry Edward Bissell. That even if the claims of the said Henry Edward Bissell were not assigned to her, they are barred by the statute of limitations, and not enforcible in a court of equity, because the same is a stale claim. And that said Henry Edward Bissell has never accounted to her as trustee under the deed of 25th September, 1876, and she now demands a strict accounting thereunder.

At a hearing before Judge Witherspoon at the Circuit Court for Beaufort, at its September, 1897, term, there was a motion noticed to have an order passed by the Judge, under the provisions of 274a of the Code of Procedure, whereby the jury would pass upon the issues as to whether the original debt of $10,374.52, referred to in the deed of trust executed on 25th September, 1876, has ever been paid, or if the same or any part thereof was at the date of the death of J. Bennett Bissell still due and owing by him to the said Henry Edward Bissell, and is still due and owing; and also as to whether the assignment from the said Henry Edward Bissell indorsed upon the said deed of trust had not been made without any consideration therefor, but only for the temporary purpose of assisting J. Bennett Bissell to raise money, which money so raised had been fully paid, with a provision that Henry Edward Bissell should be the actor in the trial of such issues. The complaint and summons were

served in January, 1897, and the answer of Henry Edward Bissell was served on the 20th February, 1897, and that of Sarah H. Bissell on the 23d of February, 1897. Section 274a of the Code reads as follows: "In all equity causes the presiding Judge may in his discretion cause to be framed an issue or issues of fact to be tried before a jury * * * Upon the first day of the term, immediately after the call of Calendar 3, the presiding Judge shall call for cases in which issues are desired, and if any are presented in which such issues are, in his judgment, proper, he shall at once cause the issues to be framed and placed upon the proper calendar for trial, and the findings of fact upon such issues by the jury shall be conclusive of the same * * *." This notice was only served upon the plaintiff. However, when the cause was called up and the complaint and answers were read, the plaintiff and the defendant, Sarah H. Bissell, interposed a demurrer to the answer of the defendant, Henry Edward Bissell, on the ground that such answer by its allegations did not state a valid defense to the cause of action set up in the complaint. Judge Witherspoon heard both the demurrer and the motion, and thereafter passed two orders—one overruling the demurrers and the other settling the issues as proposed by the defendant, Henry Edward Bissell, to be tried by a jury, under section 274a of the Code of Procedure. From both orders an appeal was taken. It must be apparent, however, that if there was error in the Circuit Judge in overruling the demurrer to the answer of Henry Edward Bissell, the appeal as to the order settling the issues for trial by a jury must be sustained, for in that event there is no propriety in such an order for issues. Therefore, we will first direct our attention to the matter of appeal from the order of Judge Witherspoon overruling the demurrers.

It may be observed that any pleading to which a demurrer is interposed must, for the purposes of testing the validity of such demurrer, be assumed to be true, so far as its facts are well pleaded. The demurrers in the case at bar

being directed against the answer of Henry Edward Bissell, we ought, in the first instance, to see what allegations of fact in the complaint are admitted by it. In this view it appears that the answer has admitted that J. Bennett Bissell executed the deed of 25th September, 1876, whereby he conveyed the "Bonny Hall" plantation to Henry Edward Bissell, in trust, to secure the payment in their order of the debts of the grantor to Charles H. Simonton, referee, to Charles S. Bennett & Co., and to Henry Edward Bissell; that the debts held by Charles H. Simonton, referee, and Charles S. Bennett & Co., have been long since paid; and further, that said Henry Edward Bissell did execute the deeds in 1883, and in 1886, whereby he assigned to the said Sarah H. Bissell his debt for $10,374.52, and all interest thereon, to her, her heirs and assigns; and he further admitted that, by the terms of the trust deed of 25th September, 1876, said "Bonny Hall" plantation was to be held by him in trust for Sarah H. Bissell, with a power of appointment to her by deed or will, or in lieu thereof for her, her heirs and assigns forever, after the payment of the debts named in the deed. By his said answer he does not deny the fact that Sarah H. Bissell has conveyed the tract of land known as "Bonny Hall" to George W. Egan, nor that Sarah H. Bissell did execute the deed of appointment to him as her trustee. Now let us see what these admissions amount to in law: First. The deed of trust itself should be construed. (a) It is evident that this deed of trust is not a mortgage in the sense that term is used, certainly so far as the grantor, J. Bennett Bissell, is concerned, for he not only conveyed the "Bonny Hall" plantation to Henry Edward Bissell, his heirs and assigns forever, but he provided further that the fee simple estate, after the payment of the indebtedness to Charles H. Simonton, as referee, to Charles S. Bennett & Co., and to Henry Edward Bissell, should vest in such person or persons named in the deed of appointment, if made in the lifetime of the said Sarah H. Bissell, or that set forth in her last will; and, in

the event she should not make such appointment by deed or will, then the said lands should vest in the said Sarah H. Bissell, and her heirs and assigns forever. There is no provision in the said deed wherein the said J. Bennett Bissell remains vested with any estate whatsoever in said "Bonny Hall" plantation. (b) It is also evident, by the terms of the trust deed, that no estate is provided in said "Bonny Hall" plantation for the said Henry Edward Bissell, except as trustee. As to him, as an individual, it is only provided that the said "Bonny Hall" plantation is to secure his specific debt of $10,374.52, and interest thereon from the 25th September, 1876. It will be noticed that his power as trustee is simply to hold the title until these three debts named in the deed are paid, and then solely for the said Sarah H. Bissell in fee simple. (c) It is also manifest that Sarah H. Bissell is not to be entitled to the "Bonny Hall" plantation until the three debts are paid or discharged; but upon the payment of said three debts, the said lands are to be hers in fee simple. These are our views as to the trust deed in question.

Next we will consider what effect the admitted allegations of said complaint will have in view of our construction of the trust deed. In the answer of Henry Edward Bissell it is not denied that the debt to Charles H. Simonton, as referee, and the debt of Charles S. Bennett & Co., are not fully paid, and also that the plain legal effect of the two deeds executed in 1883 and in 1886 by Henry Edward Bissell was to vest the ownership of said claim for $10,374.52 in Sarah H. Bissell absolutely. Now, unless this ownership of said claim can be defeated, it is manifest that all the conditions contained in the deed of trust of 25th September, 1876, have been performed, whereby a deed of appointment or disposition by will of the fee simple estate in said "Bonny Hall" plantation may be made by said Sarah H. Bissell, or in lieu thereof, that the said plantation vests in the said Sarah H. Bissell in fee simple. The deed of the said Sarah H. Bissell, executed in May, 1896, whereby

she executed her power of appointment, by vesting the title in the said Henry Edward Bissell, in trust for herself, her heirs and assigns forever, would be operative for the purpose of vesting the fee simple title in herself, so that her deed of 21st December, 1896, to the plaintiff for said "Bonny Hall" plantation would be valid, unless the claim of Henry Edward Bissell was not truly assigned to her in 1883 and 1886.

So now we must consider the effect of the allegations of the answer of the said Henry Edward Bissell, by which it is sought to render inoperative and void his assignment of his claim secured by trust deed of September 25th, 1876. First and foremost, we observe an entire absence, even by implication, of any allegation that the said Sarah H. Bissell has ever verbally or in writing, by herself or through any agent, made any agreement or had any understanding that the deeds of assignment of his claim for $10,374.52, made to her by Henry Edward Bissell, should not mean exactly what upon their face they purport to mean. The answer only alleges that J. Bennett Bissell procured Henry Edward Bissell to execute these assignments in order that he might raise money to make crops upon the said "Bonny Hall" plantation, by placing a temporary mortgage upon said lands for that purpose. We cannot understand how J. Bennett Bissell could mortgage these lands. By his deed of 25th September, 1876, he had divested himself of all power over said lands. Indeed, by the deed of trust, such a mortgage would have invaded the purposes of such deed. We cannot appreciate the force of the suggestion that these mortgages were for a temporary purpose, except as all mortgages are executed in the belief that the sums secured by them will be paid without foreclosure; but the chapter of accidents in this life, as to mortgages, is too palpable in the results there recorded to allow us to speak of a temporary use of a mortgage in connection with agricultural lands. The fact that those temporary loans have been paid, will not answer any purpose unless

Sarah H. Bissell was a party to the agreement of Henry Edward Bissell and J. Bennett Bissell. It must be manifest, therefore, that the Circuit Judge was in error in overruling these demurrers; but, in the abundance of caution, while we overrule the demurrers, we deem it proper to state that the defendant, Henry Edward Bissell, should be allowed to answer over, provided the allegations of his answer present allegations of new facts.

Both orders appealed from must be reversed.

My opinion is, that it should be the judgment of this Court, that the orders of the Circuit Court be reversed, and that the action be remanded to that Court for such further proceedings as may be necessary; but the Justices being equally divided, under the Constitution of this State, the Circuit judgment is affirmed.

MR. JUSTICE JONES *concurs*.

MR. CHIEF JUSTICE MCIVER *dissenting*. Not being prepared to assent to the conclusion reached by Mr. Justice Pope, I propose to state briefly my own views. There can be no doubt that, under the express terms of the deed of 25th September, 1876, the title to "Bonny Hall" vested in Henry Edward Bissell for the purpose of performing certain trusts therein declared, and that, until all of those trusts were performed, Mrs. Sarah H. Bissell would have no interest in or right to "Bonny Hall." Passing by the first two trusts declared in that deed, as they are conceded to have been performed, the real inquiry in this case is, whether the third trust has been performed. That trust is "to secure and pay unto the said Henry Edward Bissell," the debt mentioned in the deed, amounting to something over $10,000. As I understand it, there is no claim, on the part of the appellants, that this $10,000 debt has ever been paid *in money*, but their claim is that such debt has been extinguished or discharged by the two assignments from Henry Edward Bissell to Sarah H. Bissell, of that debt. The defendant, while admitting the formal *execution*

of these assignments, alleges in his answer that such assignments were without consideration moving from Mrs. Bissell, the person named as assignee, but were executed at the request of J. Bennett Bissell, the person who created the trust, for a temporary purpose, which has been accomplished; and that said assignments thereby became inoperative, null and void. If these allegations in the answer be true in point of fact (and they must be so taken to be, in considering the demurrer), then I am inclined to think that the third trust cannot be regarded as performed, and hence, that the legal title still remains in Henry Edward Bissell, and will continue until the debt to him has been paid or otherwise legally discharged. It seems to me, therefore, that there was no error in overruling the demurrers, and none in the order framing issues to determine the fundamental fact upon which respondent's claim of title rests. The cases of *Kaphan* v. *Ryan*, 16 S. C., 357; *Moffett* v. *Hardin*, 22 S. C., 9, and *Groesbeck* v. *Marshall*, 44 S. C., 414, cited by counsel for respondent, are sufficient to show that it is competent to introduce parol evidence to show the purpose for which an obligation under seal, or other like instrument, was given.

MR. JUSTICE GARY *concurs in dissent.*