## MARSHALL v. COLUMBIA AND EAU CLAIRE ELECTRIC STREET RY. CO.

1. EVIDENCE—EASEMENTS.—DECLARATIONS of the president of a company to a purchaser of a lot as to an adjoining easement is with reference to the issue and is not hearsay, in an action to perpetually enjoin the use of the easement for private purposes.

2. IBID.—PAROL—DEED.—Evidence explanatory of the purpose for which a lot of land was intended, and which tends to show a party's construction of a contract, and which tends to show the negotiations leading up to the execution of the deed and its actual consideration, does not contradict or vary the terms of the deed.

3. IBID.—EASEMENTS.—REPRESENTATIONS of the president of a company with reference to easements connected with a lot, who was much

16—73

referred to by the stockholders in the management of the business of the corporation, and more particularly in the sale of lots, are binding on the company.

4. EASEMENTS.—If a map of a town site locating a park was not accepted or adopted by the corporation owning it, and if the park was not dedicated so as to confer rights which the public could enforce, yet, if the company represent to a purchaser that the park would be kept open and thereby induced the purchase, such representation will be binding on the company.

Before GARY, J., Richland, September, 1905.    Affirmed.

Action by Julia C. Marshall against Columbia and Eau Claire Electric Street Railway Co., Wylie Jones *et al.* The circuit decree is as follows:

"This case was heard by me at the summer term of Common Pleas for Richland County, in 1905, on the pleadings and on evidence taken by the master for Richland County under an order for that purpose, and after hearing argument of counsel, I find the following facts:

"That during the year 1897 the defendant, the Columbia & Eau Claire Electric Street Company, being the owner of a tract of land containing about one hundred and ninety-one acres, near the city of Columbia, had a plat thereof made for the purpose of laying out a town to be known as Eau Claire, as shown and delineated by the plat in evidence as exhibit 'A,' made by Niernsee & LaMotte, civil engineers; that on said plat of said Niernsee & La-Motte, civil engineers, there was a 'Circle' bounded as follows: north by lands of Columbia & Eau Claire Electric Street Railway Company, and lands hereinafter described of Mrs. Julia C. Marshall and Columbia & Eau Claire Electric Street Railway Company and N. P. Booker, south by lands of A. G. LaMotte and Columbia & Eau Claire Electric Street Railway Company and Mrs. Agnes W. Tompkins, and west by lands of Columbia & Eau Claire Electric Street Railway Company, the same being a part of and lying around the intersection of Fifth avenue and Sec-

ond streets on said map in the said town of Eau Claire, in the said county and State.

"That on the 30th day of December, 1897, the plaintiff herein, Mrs. Julia C. Marshall, purchased from the defendant, the Columbia & Eau Claire Electric Street Railway Company, the three parcels of land described in the complaint, situate in what is known as the town of Eau Claire, in the said county and State, and received from the said defendant, the Columbia & Eau Claire Electric Street Railway Company, a deed to the said premises, a copy of which is set out in the complaint herein. The following is a description of the lots so sold and conveyed by the said defendant, the Columbia & Eau Claire Electric Street Railway Company, to the said Mrs. Marshall:

"1. All that lot of land containing two and 25-100 acres, more or less, situate in the county of Richland and State of South Carolina, and being a subdivision of the said company's tract of land, containing one hundred and ninety-one (191) acres, lying about two miles from Columbia, on the west side of the Winnsboro road, and being bounded as follows: north by Sixth avenue, measuring along same two hundred and eighty-nine feet and six inches (289' 6") from the corner of the intersection of Second street and Sixth avenue; east by lots of J. B. Duke and G. W. Floyd, measuring thereon four hundred and fifty-five feet (455') ; south by Fifth avenue, measuring thereon fifty-eight feet six inches (58' 6") to the corner of Fifth avenue and the 'Circle;' west by the east line of the 'Circle,' measuring thereon one hundred and eighty-eight feet and eight inches (188' 8"), and west by Second street, measuring thereon three hundred and forty-five feet (345').

"2. All that lot of land containing three acres, being a subdivision of the said company's tract of one hundred and ninety-one (191) acres, lying about two miles from Columbia, on the west side of the Winnsboro road, and being bounded as follows: north by land of the said company and the 'Circle;' east by Second street; south by Fourth avenue,

and west by Third street, being a rectangular parallelogram in shape, measuring on its north and south sides each five hundred feet (500') and on its east and west sides each two hundred and fifty-one feet (251').

"The streets, avenues and 'Circle' referred to in the two foregoing descriptions are delineated on the said plat of said company's said tract of one hundred and ninety-one (191) acres, made by Niernsee & LaMotte, civil engineers.

"That the said plat, exhibit 'A,' at the time of the said purchase of the said Mrs. Julia C. Marshall from said company, was exhibited on the premises so sold to Mrs. Julia C. Marshall by Mr. F. H. Hyatt, president of the said company, who had control and management and the negotiations of the sales of said lots, and he assured the said plaintiff that the said 'Circle,' upon which her said lots bounded, was dedicated by said company for public uses and would be kept open, and the said plaintiff, Mrs. Julia C. Marshall, purchased the said lots with the understanding and agreement after she had seen said plat that the said 'Circle' would be kept open and remain as designated and delineated in the said plat for public uses, for the purpose of said town, and was one of the inducements which led her to buy said lots adjoining the said 'Circle.'

"And thereafter the defendant, the Columbia & Eau Claire Electric Street Railway Company, changed the said 'Circle' and divided the same into lots, and offered them for sale, according to a map exhibited and made by A. G. LaMotte, civil engineer, and at said sale the defendants, Wylie Jones, J. C. Brown, L. A. Riser, J. McManus, J. N. Cantey, W. P. Bookter and J. L. Toney, were purchasers. These said purchasers had actual personal notice of the claim of Mrs. Julia C. Marshall, the plaintiff, that the said 'Circle' had been dedicated to public uses by the said company, and of the rights of the plaintiff, Mrs. Julia C. Marshall, in said 'Circle' as an easement incident to her lots and of her rights therein.

"I find that the defendant, the Columbia & Eau Claire Electric Street Railway Company, having dedicated the said 'Circle' to the said uses of the said town, and the said Mrs. Marshall having bought in reference thereto, she has an easement in and over the said 'Circle,' and the said company had no right to divide the said circle into lots and offer them for sale, and the other defendants to this action having notice of this, bought it with full knowledge of this right, easement, and can take no title to said lots purchased by them. It is, therefore, ordered,

"That the Columbia & Eau Claire Electric Street Railway Company and all persons claiming under, by or through said company, be, and the same are hereby, perpetually restrained from hereafter interfering with in any way the right of the said Mrs. Julia C. Marshall, and of all persons claiming under her, or entering upon and having full access to or egress from the said 'Circle,' so dedicated by the said Columbia & Eau Claire Electric Street Railway Company for the said use of the said town; and it is further ordered,

"That the said plat be filed in this case and the clerk of this Court do record the same in the plat book in his office; and it is further ordered,

"That the defendant company be, and they are hereby, restrained from conveying any portion of said 'Circle' to any persons whomsoever; and it is further ordered,

"That the defendants, Columbia & Eau Claire Electric Street Railway Company, pay all the costs of this action and the costs of recording the plat herein."

The defendants appeal on the following exceptions:

"1. Because his Honor did not rule upon and sustain objections made by the defendants to the evidence of the witness, A. G. LaMotte, as follows:

" 'Q. Can you give the conversation that passed between them?

" 'Mr. Robinson: I object to any conversation between Mr. Hyatt and Mrs. Tompkins or any person other than

Mrs. Marshall, same not with reference to the issue and hearsay.

" 'Witness: I was present at Mr. Hyatt's office by request at a conversation between Mr. Hyatt and Mr. and Mrs. Tompkins, and probably one or two others; if I remember, there were one or two others in the office—possibly several others at the time.

" 'Mr. Tompkins: Well, now just state was Mrs. Marshall present? Witness: I do not think that Mrs. Marshall was present; she might have been, but I do not remember. Q. Well, tell the conversation. A. What occurred? Q. Yes.

" 'Mr. Robinson: Objected to as above.

" 'Witness: At that time the question of the "Circle," or doing away with the "Circle," was brought up and discussed, and at Mr. Hyatt's request I expressed myself about it, advising them as their engineer about it, and discussed it with them fully, and after going over the matter, Mr. Hyatt said the "Circle" could stand as it was. Q. Stand as it was? A. Yes, sir;' because the said evidence was irrelevant and incompetent to this case, and the statements and declarations therein referred to were not to or with the plaintiff, and were not made at the time or before the purchase by her of the lots described in the complaint, but, on the contrary, the evidence of plaintiff's witnesses L. S. Tompkins (pp. 37-8), as also of the witness Agnes W. Tompkins (pp. 4, 10-12), show that the representations were made after the purchase and conveyance of the lots mentioned in the complaint, and at the time the witness Agnes W. Tompkins was beginning the erection of a building thereon.

"2. That his Honor erred in not ruling and sustaining the objection of the defendants to the testimony of the witness L. S. Tompkins as to the conversation between him, his wife and Mr. F. H. Hyatt, as follows:

" 'Q. Well, what did he tell you with reference to this "Circle" and the streets and avenues laid out on that map?

" 'Mr. Robinson: Objected to on the ground that it is parol evidence and the contract was afterwards reduced to writing, and that he had no authority to make representations.

" 'Mr. Tompkins: All right; go ahead.

" 'Witness: Well, we bought according to that map right there—one like it—and before we—when we started to build out there we thought there might something come up about that "Circle"—that four acres. So my wife, myself and Mr. LaMotte went up to Mr. Hyatt's office and asked Mr. Hyatt—

" 'Mr. Robinson: And also further objected to on the ground that the representations were after the deed mentioned in the complaint, and after the contract of sale, and could not effect the same. Now go ahead, Mr. Tompkins.'

" 'Witness: Mr. Hyatt told my wife that that would continue to be a "Circle;" that we were on the corner—that we bought out there on the corner.'

" 'Mr. Tompkins: Well, do you know exactly when that was that you all went to his office?'

" 'Witness: That was just before—we had the lumber out there to build.'

" 'Q. Well, had the deed been made to Mrs. Marshall at that time? A. I think it had. Q. You think the deed had been made? A. Yes, sir;' because the said evidence was irrelevant and incompetent to this cause, and the statements and declarations therein referred to were not made to or with the plaintiff, and were not made at the time or before the purchase by her of the lots described in the complaint; but, on the contrary, the evidence of plaintiff's witnesses L. S. Tompkins, as also of the plaintiff's witness Agnes W. Tompkins, shows that these representations were made after the purchase and conveyance of the lots mentioned in the complaint, and at the time the witness Agnes W. Tompkins was beginning the erection of a building thereon.

"3. That his Honor erred in ruling and deciding 'that during the year 1897 the defendant, * * *, being the owner

of a tract of land containing about 191 acres, near the city
of Columbia, had a plat thereof made for the purpose of
laying out a town to be known as Eau Claire, as shown and
delineated by the plat in evidence as exhibit "A," made by
Niernse & LaMotte, civil engineers,' if thereby the infer-
ence is intended that said map so introduced in evidence was
accepted and adopted by the defendant company, because
the evidence shows that the map 'A' was never accepted and
adopted by the defendant company, but, on the contrary, was
altered and changed in very material respects, with reference
to the lands mentioned and described in the pleadings
herein, and the changes were made in reference to the 'Circle'
and 'bicycle and ball park,' and with reference to the streets
and boundaries in and to the lands mentioned in the com-
plaint, at the time of and before the purchase by the plaintiff
of the lands described in her complaint.

"4. That his Honor erred in ruling and deciding 'that
the said plat, exhibit "A," at the time of the said purchase
of the said Mrs. Julia C. Marshall from said company, was
exhibited on the premises so sold to Mrs. Julia C. Marshall
by Mr. F. H. Hyatt, president of the said company, who had
control and management and the negotiations of the sales
of said lots, and he assured the said plaintiff that the said
"Circle" upon which her said lots bounded, was dedicated by
said company for public uses, and would be kept open, and
the said plaintiff, Mrs. Julia C. Marshall, purchased the said
lots with the understanding and agreement after she had seen
said plat that the said "Circle" would be kept open and re-
main as designated and delineated in the said plat for public
uses, for the purpose of said town, and was one of the in-
ducements which led her to buy her said lots adjoining the
said "Circle;" ' because (a) the evidence shows that the
defendant, Columbia & Eau Claire Electric Street Railway
Company, never adopted and accepted the map, exhibit 'A,'
as originally made, and never dedicated the 'Circle' or the
streets in and about the 'Circle,' and never dedicated the
'bicycle and ball park' to public uses and purposes, and that

neither the defendant company nor its president represented to the plaintiff at the time of her purchase that said 'Circle' and 'bicycle and ball park' and said streets were so dedicated; (b) but, on the contrary, the defendant, for a considerable time before the purchase by said plaintiff, had determined to use the land marked 'Circle' and 'bicycle and ball park,' for lots, and to cut the same and all their lands up and sell it in such manner as to suit the convenience and desire of the purchasers, and at the time of the purchase by plaintiff the map was disregarded, and the lots were cut up in such sizes and shape as the plaintiff requested.

"(c) Furthermore, plaintiff was advised at the time of her purchase that the said 'Circle' would be used for private purposes, and (d) the alleged representations which plaintiff claims were made to her, plaintiff's own evidence shows, if made at all, were made a considerable time after her purchase, and at the time her daughter was building on one of the lots, and could not in any wise have entered into or formed a part of the consideration of the deed mentioned in the complaint, and (e) furthermore, there is no evidence or authority by the defendant company, or Mr. Hyatt, to make such representation.

"5. That his Honor erred in ruling and deciding 'that the defendants, Wylie Jones, J. C. Brown, L. A. Riser, J. Mc-Manus, J. M. Cantey, W. P. Bookter and I. L. Toney, had actual and personal notice of the claims of Mrs. Julia C. Marshall, the plaintiff, that the said "Circle" had been dedicated to public uses by the said company, and of the rights of the plaintiff, Mrs. Julia C. Marshall, in said "Circle," as an easement incident to her said lots, and of her rights therein;' because there is no evidence warranting the finding or conclusion that said defendants had notice of their rights at the time of their purchases, and notice subsequent thereto would be of no force.

"6. That his Honor erred in holding 'that defendant had dedicated said "Circle" to the uses of said town,' and that Mrs. Marshall has 'an easement in and over the said "Cir-

cle," and the said company had no right to divide said
"Circle" into lots and offer them for sale, and that the other
defendants　＊　＊　＊　bought with full knowledge of this
right, easement, and can take no title to said lots purchased
by them;' because the evidence does not show or warrant the
conclusion that the 'Circle' was dedicated to the use of the
town, or that Mrs. Marshall had any rights therein because
of the lots which she had purchased, and the evidence does
not show that the defendants, other than the Columbia & Eau
Claire Electric Street Railway Company, bought with full
knowledge of her easement; and, on the contrary, the evi-
dence and the facts in this case warrant the conclusion that
the plaintiff had no easement or right in and to said 'Circle,'
and the defendant, Columbia & Eau Claire Electric Street
Railway Company, had a right to sell the same in such
manner as it saw proper.

"7. That his Honor erred in ruling and deciding 'that the
Columbia and Eau Claire Electric Street Railway Company,
and all persons claiming under, by or through said company,
be, and the same are hereby, perpetually restrained from
hereafter interfering with in any way the right of said Mrs.
Julia C. Marshall, and of all other persons claiming under
her, of entering upon and having full access to or egress
from the said "Circle" so dedicated by the said Colum-
bia & Eau Claire Electric Street Railway Company, for the
said use of the said town;' because said ruling is based upon
the erroneous findings and conclusions of fact and law, em-
braced in the above exceptions, and is, therefore, contrary to
the facts and law of this case, for the reasons set forth in
the foregoing exceptions.

"8. That his Honor erred in ruling and ordering 'that the
said plat be filed in this case, and that the clerk of this Court
do record the same in the plat book in his office;' because the
said plat was never accepted or adopted by the defendant
company, and the sales for the lots made by the defendant
company were not made with reference to or in accordance
with the said plat, exhibit 'A.'

"9. That his Honor erred in ruling 'that the defendant company be, and they are hereby, restrained from conveying any portion of said "Circle" to any person whomsoever;' because the said company has a right to convey the lands owned by it, without reference to said plat and said 'Circle,' for the reasons set forth in the foregoing exceptions.

"10. That his Honor erred in ruling and rendering judgment that 'the defendants, Columbia and Eau Claire Electric Street Railway Company, pay all the costs of this action, and the costs of recording the plat herein;' because the judgment of his Honor is erroneous, for the reasons and in the particulars set forth in the foregoing exceptions."

*Messrs. Clark & Clark* and *D. W. Robinson,* for appellants. *Mr. Robinson* cites: *As to dedication of streets and public places:* 7 Rich., 450; 22 L. R. A., 736; 13 L. R. A., 251; Elliott on Rds. & Sts., 2 ed., 156-7, 165; 57 S. C., 511; 17 How., 426; 10 L. R. A., 675; 9 Ency., 2 ed., 36-7-8; 13 Cyc., 452; 14 Cyc., 475; 27 Wis., 492; 8 Ind., 174; Har., 404; 129 N. C., 312. *Burden is on party alleging deed is not what it purports to be:* 57 S. C., 418; 3 Rich. Eq., 153; 55 S. C., 70; 52 S. C., 55; 61 S. C., 579; 2 Pom. Eq. Jur., 2 ed., sec. 659; 47 W. Va., 575; 99 N. C., 30; 64 S. C., 177. *Mistake of facts but not of law will be corrected:* 44 S. C., 38; 94 N. C., 495.

*Mr. Frank G. Tompkins,* contra, cites: *Objection to evidence must be stated and urged at trial:* 53 S. C., 81; 56 S. C., 260. *All lots sold with reference to plat carry a right to the use of all streets and ways delineated thereon:* 49 W. Va., 177; 37 N. E., 344; Elliott on Rds. & Sts., 2 ed., 132; 101 Ind., 200; 11 Minn., 180; 18 Ohio, 18; 40 Conn., 410; 5 Md., 314; 90 Fed. R., 691; 8 B. Mon., 232; 21 Minn., 509; 60 N. W., 658; 10 L. R. A., 276; 95 Ga., 97. *As to dedication and what constitutes:* 96 U. S., 716; 17 U. S., 818; 2 Wall., 57; 95 Ga., 97.

February 17, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. In this action the plaintiff invokes the equitable aid of the Court to reform the deed executed by the defendant, Columbia and Eau Claire Electric Street Railway Co., whereby it conveyed to the plaintiff the two lots described in the complaint; also for an injunction to prevent the company from selling or in any manner interfering with the land described as the "Circle," in the plat or map to which reference is made in said deed, so as to affect her rights. The vital question raised by the pleadings is whether there was an agreement between the plaintiff and said defendant, that the land designated on the plat or map as the "Circle," and mentioned in the deed as one of the boundaries of her lots, should remain open as a park or for some other public purpose. The "Circle" contains about four acres of land.

The decree of his Honor, the Circuit Judge, finds the facts substantially as alleged in the complaint. The defendants denied the material allegations of the complaint and set up the plea of the statute of frauds as to the agreement therein alleged. The decree and the exceptions will be incorporated in the report of the case.

*First exception:* The record does not disclose the fact that the Circuit Judge was requested to rule upon the objections to the testimony mentioned in said exception, nor that a motion was made to strike out the testimony. But waiving this objection, the exception cannot be sustained. The only objections to the testimony which can be considered by this Court, are those which were interposed when it was offered before the master, and the only grounds upon which it was then urged, that it was inadmissible, were that it was not with reference to the issue and was hearsay. The objection that the testimony "was not with reference to the issue" is untenable, as it related to the question whether there was an agreement that the "Circle" should be kept open, which was the main issue in the case.

The objection to the admissibility of the testimony on the ground that it was hearsay, is likewise untenable, as the testimony of the witness immediately preceding that set out in the exception, shows that the conversation took place between Mr. Hyatt and the plaintiff or her representatives.

*Second exception:* The first ground to the objection to the admissibility of the testimony when it was offered before the master was "that it is parol evidence, and the contract was afterwards reduced to writing." The testimony does not contradict or vary the terms of the deed, but was explanatory of the purposes for which the land designated on the map as the "Circle" was intended, and tended to show the defendant's construction of the contract. *Williamson* v. *Association,* 54 S. C., 582, 32 S. E., 765. The testimony was likewise admissible for the purpose of showing the negotiations leading up to the execution of the deed. *Bruce* v. *Moon,* 57 S. C., 60, 35 S. E., 415. It was also competent as tending to show the actual consideration for the deed. *Whitman* v. *Corley,* 72 S. C., 410; *Earle* v. *Owings,* 72 S. C., 362; *Brice* v. *Miller,* 35 S. C., 537, 15 S. E., 272; *Egan* v. *Bissell,* 53 S. C., 547, 31 S. E., 661.

The other objection to the testimony when it was offered before the master was, "that he (Hyatt) had no authority to make representations." Mr. Muller, a witness for the defendants, who drew the deed, and who was a stockholder in said company, testified that Mr. Hyatt "was the president and leading spirit of the company. Was referred to very much by all the stockholders in the management of the business of the company, and more particularly in the sale of lots." His representations in the sale of the lots were, therefore, binding upon the company. *Williamson* v. *Association,* 54 S. C., 582, 32 S. E., 765; *Association* v. *Williamson,* 23 Sup. Ct., 527.

The other exceptions assign error on the part of the Circuit Judge in his findings of fact. Even if the map was not accepted or adopted by the defendant company, and even if

the "Circle" was not dedicated so as to confer rights
4    that could be enforced by the public, nevertheless, if
the company represented to the plaintiff that the
"Circle" would be kept open, and thereby induced the plain-
tiff to purchase her lots, such representations would be
binding upon the defendant.   This Court is satisfied with the
findings of the Circuit Judge upon this question.

The foregoing conclusions practically dispose of all ques-
tions presented by the exceptions.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed.