7613

DISEKER v. EAU CLAIRE LAND AND IMPROVEMENT CO.

EASEMENT—DEED—WARRANT.—An encumbrance placed on property by dedication to a public park is not such an encumbrance as will support an action for breach of warranty in absence of acceptance by the public or where there has been no eviction or disturbance of grantee's possession.

Before KLUGH, J., Richland, Summer term, 1909. Affirmed.

Action by James H. Diseker, Jr., against Eau Claire Land and Improvement Company. From order of nonsuit, plaintiff appeals.

*Messrs. Frank G. Tompkins* and *Jas. S. Verner* cite: *What covenant of warranty embraces:* 8 Ency., 100; 2 N. & M., 186, 189; 1 McC., 500; 12 S. C., 62. *When covenant against encumbrances is. broken:* 8 Ency., 117, 123; 27 S. C., 193; 3 McC., 449; 1 Ency., 117; 8 Ency., 1272. *Dedication:* 96 U. S., 743; 6 Pet., 431; 14 Cyc., 1183; 14 L. R. A., 303; 72 Cal., 170; 38 S. E., 491; 16 L. R. A., 145.

*Messrs. Lyles & Lyles,* contra, cite: *No such action can be now maintained:* 27 S. C., 199; 81 S. C., 382. *Notice of filing another suit does not bind here:* Code of Proc., 153; 67 S. C., 255, 56 S. E., 463; 25 Cyc., 1465, 1451, 1462; 1 Strob. Eq., 180; 4 Ency., 607.

July 13, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for breach of the covenants of a warranty in two deeds, executed on the 5th of April, 1905, and the 9th of September, 1905, whereby the defendant conveyed to the plaintiff certain lots of land described in the complaint.

The plaintiff alleged that the defendant committed a breach of the covenants of warranty, by selling to him the said lands, after they had been dedicated by the former owners to the use of the citizens of the town of Eau Claire, for the purpose of establishing a park or public place, and that the lots, at the time of said sales, were burdened by this outstanding incumbrance in the nature of an easement in favor of said town, and the public in general.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the following grounds:

1. "That there has been no eviction or disturbance of the possession of the plaintiff of the property in question —no actual eviction or disturbance of the property.

2. "That by the decree of the Circuit Court and the Supreme Court's decision, of the case of *Marshall* v. *Eau Claire Electric Railway Company*, it is not adjudged so as to bind the defendant here, that the square in question had been dedicated to the town of Eau Claire, or to the public of any community.

3. "That there is no evidence in this case whatever of a dedication and acceptance by the public, which would show even any shadow of doubt of the title of the plaintiff to these lots in question.

4. "It appears from the testimony that only a part of the lots of Diseker is affected by the doubt, even if any such exists."

His Honor, the presiding Judge, overruled the first and fourth grounds, but sustained the second and third.

The first question that will be considered is, whether there was error in sustaining the second and third grounds of the motion. It must be remembered, that the rights of the plaintiff in the case of *Marshall* v. *St. Ry. Co.*, 73 S. C., 241, 53 S. E., 417, are not involved in this action. In that case it was decreed by his Honor, the Circuit Judge, "that the defendant company be, and they are hereby, restrained from conveying any portion of said 'circle' to any person whomsoever." And in affirming said decree, the Supreme Court said: "Even if the map was not accepted or adopted by the defendant company, and even if the 'circle' was not dedicated, so as to confer rights that could be enforced by the public, nevertheless, if the company represented to the plaintiff that the 'circle' would be kept open, and thereby induced the plaintiff to purchase her lots, such representation would be binding upon the defendants."

Thus showing that the defendant had created an incumbrance on the property embraced within the "circle," against

which it covenanted by the clauses of warranty, contained in the said deeds.

The exceptions raising this question are sustained.

The respondent's attorneys gave notice that they would ask that the order of nonsuit be sustained, upon the additional grounds that his Honor, the presiding Judge, erred in overruling the first and fourth grounds of said motion; and the next question that will be considered is, whether there was error in this respect.

As stated in *Nathans* v. *Steinmeyer,* 57 S. C., 386, 35 S. E., 733, we regard the law as settled in this State, that neither partial nor total failure of consideration can be set up as a defense, on account of a paramount outstanding title before eviction. It is also said in *Brown* v. *Thompson,* 81 S. C., 380, 62 S. E., 440, that a defendant can not set up an incumbrance as a breach of the warranty, unless he has been evicted under it, or has actually extinguished it in whole or in part, to protect his title and possession.

The reasons for the rule are stated in *Nathans* v. *Steinmeyer,* 57 S. C., 386, 35 S. E., 733, and are alike applicable to those cases in which the action is commenced by the grantee for a breach of the warranty, and those in which he, as defendant, attempts to set up the breach of warranty as a defense when sued for the purchase money.

The presiding Judge erred, therefore, in not sustaining the nonsuit on this ground.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Justice Hydrick *did not sit in this case.*

Mr. Justice Woods, *concurring.* I concur. The incumbrance set up by the plaintiff as a breach of the warranty contained in the conveyance to him was the easement adjudged to be the right of Mrs. Marshall, in her suit against the Columbia & Eau Claire Electric Railway Com-

pany, to have the land, a part of which was conveyed to the plaintiff, kept open as land dedicated to the public use. The position was taken by plaintiff's counsel that the rule which requires the grantee to show that he has extinguished the outstanding incumbrance or has been evicted under it before he can maintain an action on a general warranty does not apply when the incumbrance is an easement. It is true, as argued by counsel, that the grantee may not be able to extinguish the easement, but it is also true that the right to it may never be enforced. It cannot be doubted, under the principle on which the cases in this State were decided, that when an outstanding right to an easement exists, and the right is actually enforced so as to become a burden on the land, an action on the warranty could be maintained. But the mere right to an easement in a third party cannot be set up by the grantee as a breach of warranty, when his use of the land has not been interfered with by the assertion of the right against him. Whatever may be the rights of Mrs. Marshall, there is no evidence that she has ever asserted them so as to interfere with the plaintiff's enjoyment of the land conveyed to him.