8229

MOORE v. BEARD.

1. PARTIES.—That several parties were grantors of parts of or interests in the lands for the purchase money of which a mortgage was given to secure, does not show that they have an interest in the mortgage which requires them to be made parties to the suit in foreclosure.

2. IBID.—PLEADINGS.—Where a party seeks to bring in other parties plaintiff on the ground that they are necessary parties plaintiff to the full and complete determination of the issues raised, he must allege a cause of action against the parties so sought to be brought in.

3. REAL PROPERTY—ABATEMENT OF PURCHASE PRICE.—A purchaser of lands has no right to ask for an abatement in the purchase price unless he shows that he has been evicted by title paramount, or that he has never obtained possession of them.

Before PRINCE, J., Hampton, March, 1911. Affirmed.

Action by D. F. Moore against Herbert A. Beard *et al.* The defenses stricken out, from which order the defendant, Beard, appeals, are:

"For a second defense:

"This defendant alleges that for a complete determination of his rights and interests under and by virtue of the transactions referred to in the complaint, J. W. Ragsdale, J. E. Ragsdale, Bertha V. Barnes and Willie C. Blackburn are necessary parties to this action, as they own interests in and under the mortgage set up in the complaint.

"For a third defense:

"This defendant alleges that on the 15th day of February, A. D. 1910, D. F. Moore, M. D. Barnes, J. W. Ragsdale, J. E. Ragsdale and W. C. Blackburn entered into a contract with this defendant, wherein and whereby they agreed on certain terms and stipulations, as set out in said contract, which contract is attached to the agreement entered into between this defendant and his codefendants, and is of record in office C. C. C. P. for Hampton county in Book

17-D, at page 298, and therein and thereby they agreed to sell and convey to this defendant the lands described in the complaint, and other property, said conveyance to be made within thirty days from February 17, 1910, as soon as the titles were examined and pronounced good by competent attorneys, which said attorney shall examine said titles and pass upon them within thirty days from the time he receives the abstracts and evidences of title to said property.

"And the said parties also further agreed in and by said contract to convey and deliver to the party of the second part ten acres of land in Beaufort county, known as Dawson's Landing and sawmill and other property now located on the said property referred to, and they agreed to correct all defects found in the titles of the land agreed to be conveyed, and to collect the rents, income and profits and apply the same to the said mortgage notes. They agreed further to convey certain timber known to the parties aforesaid as the 'leased timber,' and this defendant alleges that after the execution of said contract, the said D. F. Moore, acting for himself and other parties interested hereinbefore named, introduced this defendant to W. B. deLoach, who is attorney for the plaintiff, and the said W. B. deLoach, verified the abstracts and assured this defendant the title to the property was good, and this defendant subsequently entered into contract with his codefendants, who employed other attorneys to examine said title; and upon examination the said titles were found to be defective in numerous respects.

"For a fourth defense:

"This defendant further alleges that the said D. F. Moore, and his associates hereinbefore named, parties to said contract, have not conveyed and did not convey to this defendant the ten acres known as Dawson's Landing, by good and sufficient deed; nor have they conveyed to this defendant the lands known as the 'Cooper Lands;' nor have they, in numerous other respects, carried out and performed the contract entered into between the said parties,

and this defendant alleges that upon presentation to him, D.
F. Moore, of three deeds of conveyance, as follows, to wit:
A deed executed by D. F. Moore to this defendant, which
is of record in Hampton county in Book 17-D, page 296;
a deed executed by J. W. Ragsdale, J. E. Ragsdale and W.
C. Blackburn, which is of record in Hampton county in
Book 17-D, page 294, and a deed executed by Bertha V.
Barnes to this defendant, which is of record in Hampton
county in Book 17-D, at page 297, and which deeds this
defendant alleges purported to convey all the property
which he had purchased, this defendant executed to D. F.
Moore his mortgage set up in the complaint herein, and this
defendant is informed and believes that D. F. Moore was
then, and still is, the agent and attorney in fact for the
other parties interested with him, and he executed said
deeds of conveyance.

"For a fifth defense:

"This defendant further alleges that the title to the tract
of land known as 'Starke' was defective, and that the said
parties hereinbefore named, who made said deeds of con-
veyance, did not convey the fee simple title nor did they
own the same in and to the said tract of land known as
'Starke.'

"For a sixth defense:

"That the said note referred to in the complaint has not
reached its maturity, and this defendant is not in default
inasmuch as he has been unable to handle said property or
to make sale of same, or other disposition thereof, by rea-
son of the defects and deficiencies in the titles afore-
said. * * *

"For a ninth defense:

"This defendant alleges that as soon as the said D. F.
Moore, and the other parties hereinbefore named, carry
out and perform their contract, and convey, or cause to be
conveyed to this defendant, or the Sumter Loan and Trust
Company, assignee of this defendant, in fee simple, the

lands purchased by him, and the timber purchased by him, including the 'leased' timber, Dawson's Landing, the sawmill and other machinery, the note and mortgage set up in the complaint will be paid.

"For a tenth defense:

"This defendant alleges that there is open on record, and that there exists in fact, certain liens and encumbrances against parts and parcels of the property described in the complaint, which liens were created by the said D. F. Moore and his associates, to wit: The parties conveying said premises to this defendant, and that the same are now valid, outstanding and subsisting liens on said premises. * * *

"For a twelfth defense:

"And this defendant alleges that at the time of the execution of said deeds of conveyance, certain of the timber leases referred to the sixth paragraph of the complaint had expired or were about to expire, and the plaintiffs had agreed to obtain extensions thereof for at least five years.

"For a thirteenth defense:

"This defendant alleges that the conveyances made to him by D. F. Moore and others as hereinbefore named, contained covenants of general warranty, and breach of said covenants of general warranty was made in the particulars hereinbefore named, and in various other particulars, and especially in that the said grantors did not own, and did not convey, in fee simple, Starke Plantation, or Dawson's Landing."

*Messrs. Lee & Moise,* for appellant, cite: *The plaintiff is not entitled to a judgment of foreclosure because of a breach of the covenant of warranty of seizin:* 6 Rich. 374; 2 N. & McC. 189, 186; 3 Hill 299; 12 S. C. 42. *Effect of warranty by public officers:* 4 McC. 434; 11 Rich. 80; 1 Bay. 256; 86 S. C. 226; 85 S. C. 132; 12 S. C. 56.

*Mr. W. B. deLoach,* contra, cites: *Failure of considera-
tion cannot be set up against purchase money contract of
lands before eviction:* 57 S. C. 393; 81 S. C. 382; 86 S. C.
284; 88 S. C. 132.

June 6, 1912. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. This is an action to foreclose a
mortgage which was given to secure the payment of a note
of which the following is a copy:

"$128,720.00.              Brunson, S. C., April 14, 1910.

"On or before the 15th day of February, 1911, I prom-
ise to pay to the order of D. F. Moore at Bank of Brunson,
Brunson, S. C., the sum on one hundred and twenty-eight
thousand seven hundred and twenty ($128,720.00) dollars,
with interest on the same from the 15th day of February,
1910, at the rate of five (5) per centum per annum, pay-
able annually, until the whole has been paid, together with
a reasonable sum of attorney's fees, in case this note is
placed in the hands of an attorney for collection, but it is
agreed that the sum of $1,900.00 shall be paid on the said
indebtedness on or before the 19th day of May, 1910, and
placed on the mortgage indebtedness on the property deeded
to D. F. Moore *et al.,* by me, said property situated near
Richmond, Virginia, and default by me in the payment of the
said sum of $1,900.00 shall be a default in the payment of
this note, the said sum of $1,900.00 to be credited on this
note when paid. Value received. (Signed) Herbert A.
Beard."

The mortgage recites the facts that the note represents the
purchase price of the lands therein described, and also the
fact that all of said lands had been conveyed to defend-
ant, by deeds of even date, by D. F. Moore, John W. Rags-
dale, J. E. Ragsdale, Mrs. Willie C. Blackburn and Mrs.
Bertha V. Barnes. The mortgage then described sixteen

parcels or tracts of land, among others, a tract of ten acres known as "Dawson Landing," and a tract of 2,914 acres known as the "Starke Lands," and a tract of 800 acres known as the "Cooper Lands," and some machinery. It also recites that the mortgagor had assigned to the mortgagee as further security for the payment of the mortgage debt, certain timber leases which the mortgagor had purchased from the mortgagee or John W. Ragsdale, J. E. Ragsdale, Mrs. Wille C. Blackburn, Mrs. Bertha Barnes or any other person on lands in Hampton or Beaufort county.

The defendant, Beard, answered and set up fourteen defenses. On plaintiff's motion the Court struck out the second, third, fourth, fifth, all of the sixth after the word "maturity" in the second line thereof, ninth, tenth, twelfth and thirteenth, as irrelevant and redundant. These defenses will be set out in the report of the case. The appeal questions the correctness of this order.

The appellant argues only two propositions, and we shall confine our attention to these. His first contention is that the Court erred in striking out the second defense. It will be noted that it is therein alleged that the parties therein named are necessary parties to a complete determination of defendants' rights under and by virtue of the transactions referred to in the complaint, because they own interests in and under the mortgage. The exception assigning error in striking out this defense takes the same ground, basing it upon the position that it appears from the complaint that said persons were grantors of part of, or interests in, the property for the purchase money of which the note and mortgage were given, and, therefore, they had an interest in the note and mortgage. But it does not follow that, because they owned the property and conveyed it, they have any interest in the note and mortgage given for the purchase price.

As appellant fails to state facts sufficient to constitute a cause of action against said parties, or any of them, grow-

ing out of the transactions set out in the complaint, whether they, or any of them, have any interest in the note and mortgage sued on is a matter of no concern to him. Therefore, their presence is not necessary to a proper and complete determination of his rights.

Appellant's next contention is that he is entitled under the allegations of the other defenses stricken out to a *pro tanto* reduction of the purchase price, because his grantors did not convey to him a good title to the "Starke Lands" and "Dawson's Landing."

It will be observed that nowhere does the defendant allege that he failed to get possession of either of said tracts, or that he has been evicted from either. It must be presumed that he got possession under his deed, and that he is still in possession, until the contrary is alleged. If he did get possession, and has not been evicted by title paramount, he has no right to ask for an abatement of the purchase price. The principle is too well settled and it would be a useless consumption of time to do more than refer to the decided cases. *Nathans* v. *Steinmeyer,* 57 S. C. 393, 35 S. E. 733, and cases cited. *Diseker* v. *Land & Co.,* 86 S. C. 284, 68 S. E. 529, and cases cited. In the recent cases of *Godfrey* v. *Burton Lumber Co.,* 85 S. C. 132, and *Peake* v. *Renwick,* 86 S. C. 226, 68 S. E. 531, cited and relied on by appellant, it was alleged and proved that the purchasers of lands failed to get possession of parts of the lands which they had purchased, and that such parts were in possession of others who were holding them under paramount title.

Affirmed.

MESSRS. JUSTICES WATTS *and* FRASER *did not participate.*